IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN PATRICK BROWN,

    Petitioner,

v.                                            Civil No. 17-3216-JTM
                                           Crim. No. 17-10110-01-JTM

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM AND ORDER

On December 7, 2017, Sean Patrick Brown filed a document captioned "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." (Dkt. 1).[1] After reviewing the motion, the court concludes it is more properly characterized as an attempt to give notice under the Interstate Agreement on Detainers Act (IADA). As explained below, however, the notice does not comply with the IADA, nor does it allege any valid grounds for relief under § 2241. Accordingly the motion will be dismissed.

Brown is incarcerated in a Wyoming correctional facility, serving a 4-6 year sentence. (Dkt. 1 at 1). The sentence was imposed for a felony conviction in Carbon County District Court in Rawlins, Wyoming. He is attempting to challenge a "detainer/warrant/hold placed on [him] by the United States District Court, District of Kansas … Case [No.] 17-10110-01-02JTM." Brown asks that the detainer be lifted or,

---

[1] The clerk of the court issued a Notice of Deficiency pointing out to Brown that he had not paid a filing fee or applied for leave to file *in forma pauperis*, and advised him he could not go forward until one of these was done.

alternatively, "ask[s] for immediate transfer to this court's jurisdiction for a speedy trial." (*Id*).

The IADA, 18 U.S.C., App. 2, provides certain rights relating to detainers. Among other things, it provides that the warden or other official having custody of a state prisoner shall inform him of any federal detainer lodged against him and of his right to request a final disposition of the indictment upon which the detainer is based. When the prisoner "has caused to be delivered to the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment," the prisoner must be brought to trial on the indictment within 180 days thereafter. This written notice and request for disposition "must be given or sent by the prisoner to the warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it with the certificate [required by the Act] to the appropriate prosecuting official and court by registered or certified mail, return receipt requested." The request must be accompanied "by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner." 18 U.S.C., App. 2, Art. III.

Brown's filing, to the extent it requests a speedy trial, does not comply with these procedural requirements. Moreover, § 2241 provides no grounds for relief under these circumstances, where Brown has not properly invoked or exhausted the IADA's

remedies and has alleged no facts showing a violation of the Constitution or laws of the United States.

**IT IS THEREFORE ORDERED** this 21st day of December, 2017, that Brown's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. 1) is DISMISSED without prejudice.

___s/ J. Thomas Marten_____<br>J. THOMAS MARTEN, JUDGE